Okey, C. J.
Lee having performed services as an attorney, in pursuance of the request of the railroad company, the agreement of the company to compensate him would be implied, in the absence of any other fact. But the law does not -imply such promise in all cases where one performs service at the request of another. Take the familiar example of a son who continues, after arriving at age, to live with his father, and perform services at his request. The son may have expected to be paid wages, but.from the mere fact that he acted under direction of his father in the same way as during his minority, a contract to pay wages will not be implied.' To constitute an agreement to pay wages in such a case, it is not essential that any price should be fixed, but words must be employed showing that both parties understand that wages are to be paid.
It is the duty of the prosecuting attorney to conduct the prosecution of offenders in the court of common pleas; but in Smith v. Portage County, 9 Ohio, 25, it is said that he is not bound to appear before a justice of the peace or mayor, in a criminal case. The law remains the same to the present day. But, in fact, that officer, in many cases, appears voluntarily in the examining court,-and conducts the prosecution there. He *481 doss the same thing sometimes at the request of a citizen, without any expectation on his part to receive, or on the part .of the citizen to pay, compensation for the services.
¥e cannot say, looking to the facts stated in this answer, that there was an implied contract on the part of the company to pay Lee compensation for his services. The further proposition is urged by the counsel for the company that even an express agreement to pay would have been void, as contrary to public policy. But upon that question we express no opinion ¥e hold the answer to be sufficient, and, hence, that it was error to sustain a demurrer to the answer. The judgment will be reversed and the cause remanded for further proceedings.

Judgment reversed.